UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REALITY HOMES, INC., a Washington corporation,

    Plaintiff,

  v.

BEACH WOOD HOMES, LLC, a Washington limited liability company, JAMES MCMULLOUGH and KATHY MCCULLOUGH,

    Defendants.

Case No. C07-5261 FDB

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

This matter comes before this Court pursuant to FRCP 65(b) on the motion of Plaintiff Reality Homes, Inc., for a temporary restraining order and order to show cause why the restraining order should not be continued as a preliminary injunction pending trial of this action.

Plaintiff Reality Homes, Inc. (Reality Homes) filed this civil action on May 23, 2007. Reality Homes claims that Defendants have violated provisions of the Copyright Act, 17 U.S.C. § 501 *et seq.*, by using and marketing home designs that are virtually identical to those copyrighted by Reality Homes. Plaintiff also contends that Defendants have misappropriated trade secrets in violation of Washington's Trade Secrets Act, RCW 19.108 *et seq.*, by using confidential customer information gleaned by Defendants McCullough during their past affiliation with Reality Homes.

1    The Court, having considered the Motion for Temporary Restraining Order and supporting
2 declarations of John Hodge, Pat Eppright, Jared Baehmer, and Warren E. Martin, Defendants'
3 Opposition pleadings, and Plaintiff's Reply, concludes that pursuant to CR 65(b), an emergency
4 exists and irreparably injury to the Plaintiff will result if a temporary restraining order is not entered.
5 The Court further finds that the Plaintiff has established the reasonable likelihood of success on the
6 merits of its claim and the existence of an immediate irreparable injury.
7    ACCORDINGLY;
8    It is ORDERED:
9    Plaintiff's Motion for a Temporary Restraining Order [Dkt. #4] is **GRANTED**.  Defendants
10 James McCullough, Kathy McCullough and Beach Wood Homes, LLC and their officers, agents,
11 servants, employees and attorneys, and those persons in active concert and participation with them,
12 who receive actual notice of this Order by personal service or otherwise, are immediately restrained
13 and enjoined from:
14    (a)    Infringing Reality Homes' copyrights in any manner, including using, copying,
15 publishing, licensing, marketing, advertising, promoting, selling, or offering for sale any and all
16 versions whether exact copies or substantially similar versions of Reality Homes' copyrighted home
17 designs and architectural plans (collectively "the Reality Homes Designs") and from participating or
18 assisting in any such activity;
19    (b)    Using in any manner in their business including, copying, publishing, licensing,
20 marketing, advertising, promoting, selling, or offering for sale versions of home designs and
21 architectural plans that attempt to circumvent Reality Homes' copyright, or that are derived from
22 Reality Homes' Designs and from participating or assisting in any such activity; and
23    (c)    Misappropriating, using in any manner in their business including, using publishing,
24 licensing, marketing, advertising, promoting, selling, or offering or otherwise disclosing Reality
25 Homes' trade secrets and confidential information, including without limitation, Reality Homes'
26 designs, and Reality Homes customer information obtained through James or Kathy McCullough's

affiliation with reality Homes.

This Temporary Restraining Order shall be effective immediately.  Reality Homes shall file a bond with a surety company in the sum of $10,000. by June 8, 2007, for the payment of such costs and damages as may be incurred by any party who may be found to be wrongfully restrained or enjoined, such security to be approved by the court.

This Order shall remain in effect until 5:00 p.m. on June 11, 2007, unless within such time this Order, for good cause shown, is extended for a longer period.

Defendants are further ORDERED to show cause  at 9:30 a.m. on June 11, 2007, in the courtroom of the Honorable Franklin D. Burgess as to why the restraints contained in this Temporary Restraining Order should not be continued as a preliminary injunction pending trial of this action.

This Temporary Restraining Order and Order to Show Cause and supporting papers shall be served on Defendants no later than 10 days before the date set for hearing.  Any Opposition to Plaintiff's request for preliminary injunctive relief and to this Order to Show Cause must be filed and personally served on Plaintiff's counsel no later than four (4) court days before the date set for hearing.  Any Reply to Defendants' Opposition shall be filed and personally served on Defendants' counsel no later than one (1) court days before the date set for hearing.

DATED this 1st day of June, 2007.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE