UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REALITY HOMES, INC., a Washington corporation,

    Plaintiff,

v.

BEACH WOOD HOMES, LLC, a Washington limited liability company; JAMES MCCULLOUGH and KATHY MCCULLOUGH, husband and wife,

    Defendants.

CASE NO. C07-5261BHS

ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR CLARIFY PRELIMINARY INJUNCTION

This matter comes before the Court on Plaintiff's Motion to Amend or Clarify Preliminary Injunction (Dkt. 44). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

Pursuant to the parties' stipulation, a preliminary injunction was issued on June 11, 2007. Dkt. 28. The explicit terms of that order stated that Defendants are "immediately enjoined from:"

> Misappropriating, using in any manner in their business including, using, publishing, licensing, marketing, advertising, promoting, selling or offering or otherwise disclosing Reality Homes' trade secrets and confidential information.

Dkt. 28 at 3-4.

ORDER – 1

Plaintiff files its motion to amend or clarify the preliminary injunction alleging that Defendants have misappropriated certain form contracts and are now using these contracts as their own, thereby affording them the financial benefit of not having to produce these contracts themselves. Dkt. 44. Because a preliminary injunction has already been issued in this matter protecting Plaintiff's trade secrets, if the Court determines that the subject form contracts are indisputably trade secrets of Plaintiff then these contracts would be included in the previously issued preliminary injunction and Defendants would be enjoined from using them.

Therefore, the Court must determine whether the subject form contracts are trade secrets as defined by RCW 19.108.010(4). RCW 19.108.010(4) provides:

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Furthermore, Plaintiff must show that the form contracts the subject of this motion are sufficiently novel in order for these contracts to be considered "trade secrets." *Buffets, Inc. v. Klinke,* 73 F.3d 965, 968 (9th Cir. 1996). The Court notes that through its search of relevant case law there is a lack of controlling case law on the issue of whether form contracts such as the ones the subject of Plaintiff's motion should be considered "trade secrets."

The Court is unable to determine from the record before it that Plaintiff's form contracts are trade secrets pursuant to RCW 19.108.010(4). The Court cannot find facts sufficient in the record to determine that Plaintiff's form contracts contain the requisite novelty and economic value to be entitled to trade secret protection under Washington law. The Court is also unable to determine from the record before it that Plaintiff has made sufficient efforts to maintain the secrecy of these form contracts. Because the Court

ORDER – 2

cannot find that Plaintiff's form contracts are trade secrets, it does not need to determine whether Plaintiff is entitled to the relief that it seeks pursuant to RCW 7.40.020. However, the Court does note that Plaintiff has failed to show sufficient damages entitling it to a preliminary injunction pursuant to RCW 7.40.020.

Therefore, it is **ORDERED** that

Plaintiff's Motion to Amend or Clarify Preliminary Injunction (Dkt. 44) is hereby **DENIED.**

DATED this 13th day of February, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3